IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY BURKE,

    Plaintiff,

v.                                                                                                         Civil Action No. **3:15CV558**

J. RUDASILL, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on November 24, 2015, the Court dismissed Plaintiff's civil action because he failed to keep the Court informed of his current address. On March 7, 2016, the Court received a Motion to Reinstate from Plaintiff. Plaintiff asks the Court to reinstate the action on the docket, but fails to identify under which procedural vehicle he brings the motion. Because Plaintiff filed this motion outside of the twenty-eight day period permitted for Rule 59(e) motions, this motion is properly construed as a motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion," ECF No. 8.). *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48

(4th Cir.1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Plaintiff contends that the Court mailed its October 9, 2015 Memorandum Order conditionally filing the action and the *in forma pauperis* affidavit and consent to the collection of fees form to him at the incorrect address. Plaintiff argues that he completed the 42 U.S.C. § 1983 complaint form from the Rappahannock Regional Jail the night before his transfer to Coffeewood Correctional Center ("Coffeewood"), but that his envelope reflects that he mailed the complaint from Coffeewood. (Rule 60(b) Mot. 1.) The face of the complaint; however, clearly states that Plaintiff's address was the Rappahannock Regional Jail. (*See* ECF No. 1, at 2.) Plaintiff failed to indicate to the Clerk that he had moved or was in the process of being transferred. The Court received the completed inmate account form from the Rappahannock Regional Jail.

While the Court appreciates that Plaintiff indicated on his envelope that he was now incarcerated at Coffeewood, Plaintiff fails to demonstrate any exceptional circumstances that would warrant vacating the dismissal of his civil action. Thus, he fails to make the threshold showing required to bring a Rule 60(b) Motion. Accordingly, Plaintiff's Rule 60(b) Motion (ECF No. 8) will be DENIED.

Plaintiff's civil action was dismissed without prejudice at the most preliminary stage after he failed to comply with the conditionally filing order. Plaintiff is free to refile the action at any time.

An appropriate Order shall issue.

Date: 4/29/16
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

2